## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

Melvin Marinkovic

    v.                                  Case No. 19-cv-209-JL

Michael Osborne;
Jason Osborne;
Lisa Bloomfield;
U.S. Dept. of Education; and
Betsy DeVos, Secretary,
U.S. Dept. of Education

## REPORT AND RECOMMENDATION

    Pro se plaintiff Melvin Marinkovic filed this action in
forma pauperis, asserting several claims against: the principals
of a student loan processor, the United States Department of
Education, and the United States Secretary of Education, in
connection with his attempt to consolidate old student loans and
apply for new loans.  His complaint is before this court for
preliminary review, pursuant to 28 U.S.C. § 1915(e)(2) and LR
4.3(d)(2).

## Preliminary Review Standard

    The magistrate judge conducts a preliminary review of
pleadings, like Marinkovic's, which are filed in forma pauperis.
See LR 4.3(d).  The magistrate judge may recommend to the
district judge that one or more claims be dismissed if, among
other things, the court lacks jurisdiction, a defendant is
immune from the relief sought, or the complaint fails to state a

claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2); LR 4.3(d).  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  The court treats as true all well-pleaded factual allegations, and construes reasonable inferences in plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

**Background**[1]

A.  Allegations against non-government defendants

Defendants Michael Osborne, Jason Osborne and Lisa Bloomfield are principal officers of Credit Adjustments, Inc. ("CAI"), a company that processes student loan collections, accommodations, and evaluations for future lending.  At the direction of the defendant Department of Education ("DOE"), Marinkovic contacted CAI in the fall of 2018 about consolidating his outstanding student loans in order to qualify for additional lending and pursue graduate education.

---

[1] The facts recited in this section are drawn from the complaint (Doc. No. 1), and various documents attached thereto. See Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 72 (1st Cir. 2014).

During a November 2018 phone call, CAI told plaintiff it had previously denied plaintiff's consolidation request because it had received unclear forms from DOE.  During the same conversation, CAI reconsidered its position and told plaintiff it had approved consolidation and would send Marinkovic documentation to that effect.  CAI also informed plaintiff that consolidation was contingent on his waiving any challenge to the $53,000 student loan balance on DOE's records.  After plaintiff told CAI that he would not waive any such challenge, CAI withdrew its consolidation offer.

Marinkovic complained to the DOE, whose ombudsman directed CAI to reconsider its decision.  Although CAI contacted plaintiff by letter with a request to call CAI, it neither responded to Marinkovic's phone calls nor to a "demand latter" Marinkovic sent in January 2019.  Plaintiff filed the instant lawsuit approximately one month later.

## B.  Allegations against DOE and DOE Secretary DeVos

Marinkovic sued the DOE and its Secretary more than forty years ago for failing to address or honor student loan deferment requests he submitted, and for failing to answer his correspondence demanding a review of certain charges.  That lawsuit was dismissed, according to Marinkovic, because he failed to exhaust administrative remedies.  The DOE has ignored

3

Marinkovic's repeated requests for information throughout the intervening years.  Marinkovic asserts that DOE's refusal to answer resulted is part of a vendetta in response to his original lawsuit.  He further argues that his interaction with CAI – which he describes as DOE's agent – amounted to a "formal denial" of the administrative review referred to in his original lawsuit, and prevented him from completing his higher education plans, secure meaningful employment, and avoid poverty.

## Claims

Marinkovic has sued CAI Chairman Michael Osborne, its President, Lisa Bloomfield, and its CEO, Jason Osborne ("the CAI defendants"), as well as the DOE and Secretary of Education Betsy DeVos.  He asserts several constitutional claims and one state-law claim for tortious interference with prospective economic advantage against the CAI defendants.  Marinkovic seeks declaratory and injunctive relief against the DOE in order to discharge and remove his prior loans from default status and to declare unspecified DOE loan repayment rules void as applied.  Finally, he asserts Bivens[2] claims Secretary DeVos, alleging that she became liable for violations of Marinkovic's

---

[2] See Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).

constitutional rights after being made aware of the acts and
harm underlying this action.

## Discussion

### I.  CAI Defendants

#### A.  Constitutional Claims

Marinkovic asserts that the CAI defendants violated his
rights under the First and Fifth Amendments to the United State
Constitution by failing to give him notice and an opportunity to
respond to their arbitrary decisions and illegal denial of his
2018 loan application, for interfering with his employment
prospects, and for retaliating against him for complaining about
the DOE.  As set forth below, plaintiff's allegations against
the CAI defendants fail to state claims for which relief can be
granted and should therefore be dismissed.

In Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S.
388 (1971), the Supreme Court recognized an implied private
action for damages against federal officers alleged to have
violated a citizen's constitutional rights.  Liability under
Bivens, however, cannot attach to private actors.  See Stoutt v.
Banco Popular de P.R., 320 F.3d 26, 33 (1st Cir. 2003) (noting
that "[t]he Supreme Court has already limited Bivens actions by
refusing to extend them to private entities acting under color
of federal law") (citing Corr. Servs. Corp. v. Malesko, 534 U.S.

61 (2001)); see also Acosta v. U.S. Marshals Serv., 445 F.3d

509, 514 (1st Cir. 2006) (affirming dismissal of Bivens action

against hospital and doctor who treated plaintiff while he was

in federal custody because they were private parties).

As Marinkovic concedes, the CAI defendants are not

government officials, but are private parties.  Therefore, they

cannot be held liable for alleged constitutional violations.

Courts have consistently rejected claims that individuals

affiliated with private entities involved in the student loan

process are government actors. Cf. George W. v. U.S. Dep't of

Ed., 149 F. Supp. 2d 1195 (E.D. Cal. 2000) (private Texas

Guaranteed Student Loan Corp);[3] Johnson v. Sallie Mae Servicing,

L.P., 2007 WL 9734801, aff'd 258 F. App'x 567 (4th Cir. 2007)

("In addition, as an employee of Sallie Mae, a private company,

Donnelly is not an agent of the federal government, and thus, a

Bivens action cannot be maintained against her."); Holly v.

Scott, 434 F.3d 287, 291 (4th Cir. 2006) (declining to extend

Bivens liability to employee of private corporation in which the

---

[3] The plaintiff in George W. sought relief under to 42
U.S.C. § 1983, and the thus the court analyzed whether the
defendant was a state, rather than a federal, actor.  194 F.
Supp. 2d at 1208.  See Soto-Torres v. Fraticelli, 654 F.3d 153,
158 (1st Cir. 2011) (observing that a Bivens action serves as
the "federal analog to a suit against state officials under 42
U.S.C. § 1983").

federal government had no stake other than a contractual relationship).

Against this legal backdrop, plaintiff's allegations fail to support the necessary conclusion that the CAI defendants were federal actors. Accordingly, the district judge should dismiss plaintiff's federal constitutional claims against these defendants, listed as the first through fourth, and the sixth and seventh causes of action in the complaint.

### B. Interference With Prospective Economic Advantage

In addition to his constitutional claims, Marinkovic asserts that the CAI defendants' actions disrupted his college and employment plans and constituted tortious interference with prospective economic advantage.[4] Marinkovic has not alleged any specific actions on the part of defendants Michael Osborne, Jason Osborne, or Lisa Bloomfield -- all of whom are CAI officers -- that could render them personally liable. See Doyle v. Hoyle, No. 94-cv-244-SD, 1995 WL 113933, *5 (D.N.H. March 14, 1995) ("'[A]n officer of a corporation is liable for any tort of the corporation in which he participates or authorizes . . . .'"

---

[4] To establish tortious interference with prospective economic advantage a plaintiff must show: (1) the plaintiff had an economic relationship with a third party; (2) the defendant knew of this relationship; (3) the defendant intentionally and improperly interfered with this relationship; and (4) the plaintiff was damaged by such interference. Montrone v. Maxfield, 122 N.H. 724, 726 (1982).

7

(emphasis added) (quoting Pac. & Atl. Shippers v. Schier, 109 N.H. 551, 553, 258 A.2d 351, 354 (1969)).  Accordingly, the district judge should dismiss this claim, listed as the fifth cause of action in the complaint.

## II.  Federal defendants

### A.  Removing Default

Marinkovic asserts that the federal defendants violated his Fifth Amendment due process rights by refusing to remove the default designation from his prior student loans which prevented him from obtaining additional student loans.  He seeks declaratory and injunctive relief to change the status of his previous loans.

To state a due process claim, a plaintiff must, at a minimum, plead a deprivation of a protected interest.[5]  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 428 (1982).  To have a constitutionally protected interest in a benefit, "a person

---

[5] Marinkovic does not specify whether he is claiming that his substantive or procedural due process rights were violated. While the two rights are different, each requires that the plaintiff allege the violation of a constitutionally protected interest. See Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145 (1st Cir. 2016) ("In order to assert a viable substantive due process claim, a plaintiff has to prove that [she] suffered the deprivation of an established life, liberty, or property interest . . . ."); Miller v. Town of Wenham Massachusetts, 833 F.3d 46, 52 (1st Cir. 2016) (observing that to state a claim for procedural due process, a plaintiff "must allege facts which, if true, establish  . . . a property interest of constitutional magnitude . . . .").

clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it.  He must, instead, have a legitimate claim of entitlement to it." <u>Bd. of Regents of State Colls. v. Roth</u>, 408 U.S. 564, 576 (1972).

Marinkovic implicitly alleges that he had a protected interest in obtaining additional student loans to further his education.  But prospective students do not have a constitutionally-protected interest in receiving additional student loans.  <u>See</u> <u>Alston v. Pa. State Univ.</u>, 685 F. App'x 158, 160 (3d Cir. 2017); <u>Crawford v. San Diego City Cmty. Coll.</u>, No. 18cv0831, 2018 WL 3629901, at *3 (S.D. Cal. July 31, 2018); <u>Waugh v. Conn. Student Loan Found.</u>, 966 F. Supp. 141, 143 (D. Conn. 1997).  In the absence factual allegations suggestive of a protected interest, plaintiff has failed to state either a procedural or substantive due process claim.  Accordingly, the district judge should dismiss this claim, listed as the eighth cause of action in the complaint.

## B.  Loan Discharge

Citing "undue hardship" and 11 U.S.C. § 523(a)(8), Marinkovic seeks declaratory and injunctive relief discharging his prior student loans.  That statute, however, applies to bankruptcy proceedings and thus cannot support the asserted cause of action.  The district judge should therefore dismiss

this claim for relief, listed as the ninth cause of action in
the complaint.

## C.   Repayment Rules

Marinkovic next conclusorily asserts that unspecified
"federal repayment provisions" are "void as applied," because
"following them would be unfair."  Complaint (Doc. No 1) at 30-
31.  He seeks an injunction preventing the DOE from enforcing
the repayment provisions, reporting his history of failing to
meet past payment obligations, and barring him from receiving
additional loans without repaying a portion of his prior loans.
The facts alleged in the complaint do not support any legally
cognizable claim.  The complaint refers only to a 1971 case
interpreting the Carriage of the Goods by Sea Act, 46 U.S.C. §
30701.  See Leather's Best v. S.S. Mormaclynx, 451 F.2d 800 (2d
Cir. 1971).  While that case did refer to "fairness," id. at
817, it did so only in the context of a specific provision of
admiralty law inapplicable here.  As the facts alleged do not
state a cause of action, the district judge should dismiss the
tenth cause of action in the complaint.

## D.   Bivens Action Against Secretary DeVos

Plaintiff asserts a Bivens claim for damages against
Secretary DeVos based on her alleged failure to direct others to
stop violating his due process rights.  Marinkovic claims DeVos
is liable for a violation of his Fifth Amendment rights and for

the loss of his career.  The court has already found that
Marinkovic has failed to allege a Fifth Amendment violation.
Therefore, his claim against Secretary DeVos must also fail.
See Ruiz Rivera v. Riley, 209 F.3d 24, 28-29 (1st Cir. 2000)
(noting that supervisory liability under Bivens requires a
subordinate's liability).  As the facts alleged in the complaint
fail to state a claim against Secretary DeVos, the district
court should dismiss the eleventh cause of action in the
complaint.

## Conclusion

For the foregoing reasons, the district judge should
dismiss this action in its entirety.  Any objections to the
Report and Recommendation must be filed within fourteen days of
receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The
objection period may be extended upon motion. Failure to file a
timely objection waives the right to appeal the district court's
order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168
(1st Cir. 2016).

_audeaK. Mnstone_

Andrea K. Johnstone
United States Magistrate Judge

April 19, 2019

cc:  Melvin Marinkovic, pro se

11